o

```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       LAREDO DIVISION
```

**DAVID TYRONE THOMAS,**            *

     Petitioner,

VS.                                 *       CIVIL ACTION NO. L-09-140

**UNITED STATES OF AMERICA**
                                    *

<u>MEMORANDUM</u>

    This case was originally filed in the Corpus Christi Division under Criminal No. C-06-259, (Civil No. 2:09-cv-340). Petitioner Thomas utilized a printed form titled "Petition for a Writ of Habeas Corpus by a Person in State Custody," although he or someone else added the numbers "2255" at the top of the face page. (5:09-cv-140, Dkt. 1, Instant Petition)  In a Memorandum of December 21, 2009, Judge John D. Rainey ordered that the case be transferred to this Division. (5:09-cv-140, Dkt. 2, Order of Transfer.)  Judge Rainey noted that all of Thomas's claims pertain to whether Thomas received proper credit for time served in his federal and state criminal cases. (<u>Id.</u> at 1.)  Judge Rainey, therefore, properly interpreted the pleading as a petition pursuant to 28 U.S.C. §2241, and he transferred it to this Division because Thomas is currently confined in Cotulla, La Salle County, Texas. (<u>Id.</u> at 2.)

    Parenthetically, a similar occurrence took place in 2008. Thomas filed a Petition for a Writ of Habeas Corpus in the

Corpus Christi Division on August 12, 2008.  (5:09-cv-151, Dkt. 1, 2008 Petition.)  The Corpus Christi Division assigned that case No. 2:08-cv-269.  (Id.)  On November 7, 2008, Judge Rainey issued an order dismissing that case insofar as Thomas was claiming ineffective assistance of counsel in Criminal No. C-06-259.  (5:09-cv-151, Dkt. 2, Judge Rainey's Order re. 2008 Petition.)  However, the petition also quarreled about whether Thomas' credits were correctly calculated.  (2008 Petition at 7-9.)  Judge Rainey construed these allegations as a §2241 claim and transferred that part of the petition to this Division, where it became No. 5:08-cv-151.  (Id. at 1; see also Judge Rainey's Order re. 2008 Petition 6.)  In that case, Thomas was claiming that he had been sentenced to 21 months' confinement in his federal criminal case but had served a total of 22 months. (2008 Petition at 7.)  He also claimed that he was somehow not getting credit for "over 13-months of flat time" that he had served in both his state and federal criminal cases.  (5:09-cv-151, Dkt. 7, Letter Suppl. to 2008 Petition 1.)  The Court dismissed the claims in a Memorandum of May 2, 2009.  (5:09-cv-151, Dkt. 18.)

Thomas's new, now-pending, petition contains four grounds which, frankly, are somewhat unintelligible.  (See Instant Petition 7-8.)  In Ground One, Thomas still seems to complain that he did not receive sufficient credits on his federal

2

sentence in Criminal No. 2:06-cr-259.  Ground Two asserts that a prisoner cannot be required to serve a sentence in "installments" and refers to a parole date of February 8, 2008. Ground Three asserts that "parole on the first or preceding sentence should be credited along while serving time on the next starting 2-9-08 till discharged."  Ground Four asserts that Defendant was arrested on April 18, 2006 and, therefore, "all time after date should be credited towards sentence."

It is clear that this new filing is simply a rehash of Defendant's 2008 claims, rejected in May of 2009.  That Memorandum Opinion is attached hereto and incorporated by reference.  Among other things, this Court found that Thomas's challenge to the length of his federal sentence was moot and that Thomas was given significant retroactive credit on his state sentence.  Thomas did not appeal the Order of Dismissal of May 2, 2009, which became res judicata as to all claims Thomas brought or could have brought at that time.  Nothing new has transpired since then.  It is impermissible for Thomas to continue making the same complaints couched in different terminology.  Accordingly, his Petition for Writ of Habeas Corpus, now construed as a petition under §2241, shall be DISMISSED.

**DONE at Laredo, Texas, this 31st day of December, 2009.**

                                                                    _____
                                                                    **Senior United States District Judge**

O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DAVID TYRONE THOMAS | § | |
| | § | |
| Petitioner | § | CRIMINAL ACTION NO. C-06-259 |
| VS. | § | CIVIL ACTION NO. L-08-151 |
| | § | |
| UNITED STATES OF AMERICA | § | |

<u>MEMORANDUM</u>

Pending before the Court is Petitioner David Tyrone Thomas's application for a writ of habeas corpus claiming he served too long on his federal sentence before serving his current state sentence.[1] (Civil Docket No. 1). Thomas's application was originally filed in the Corpus Christi division and contained several challenges properly brought under 28 U.S.C. § 2255, but Judge John D. Rainey dismissed those claims as time barred. However, Judge Rainey determined the challenge to his length of incarceration was properly brought under § 2241, and transferred it to this Court.

Thomas's application claims he was "sentenced to 21 months Federal and served a total of 22 months in custody." (Civil Docket No. 1, at 6.) In a subsequent letter to the Court, he claims he is missing "over 13-months of flat time that I've

---

[1] Petitioner also filed a motion seeking appointment of counsel. (Civil Docket No. 15.) However, as there is no right to counsel in a habeas case and the Court finds no merit to the original application, the motion is DENIED.

served for Texas sentence and Federal together." (Civil Docket No. 7.) The docket sheet reflects that a federal arrest warrant for this Defendant was issued April 13, 2006. Thomas subsequently appeared before a federal magistrate judge on August 11, 2006. Thomas claims he was not given credit from "April 18, 2006, when a federal hold was placed on [him]" until August 11, 2006. The Court interprets these statements as challenging the length of his federal sentence.

On January 31, 2006, prior to his federal arrest, a Texas court judgment deferred the adjudication of Thomas's guilty plea to possession of cocaine. (Civil Docket No. 13, Ex. B.) Thomas was placed on five years of community supervision. Id.

On December 14, 2006, Judge Rainey sentenced Thomas to twenty-one months' incarceration for possession with intent to distribute cocaine. (Criminal Docket No. 19) He finished his federal sentence on February 8, 2008.

On January 31, 2008, shortly before the end of his federal incarceration, the Texas court revoked Thomas's community supervision and sentenced him to four years' state incarceration. (Civil Docket No. 13, Ex. A.) The Texas court ordered its sentence to "run concurrently." Id. Thomas was given credit on his state sentence for the overlap from January

31, 2008, even though he had not yet finished serving his federal sentence.[2]  (Civil Docket No. 13, Ex. C.)

Thomas's challenge to his federal sentence is moot. Because he has completed that sentence, there is no remedy the Court can provide him.  See Spencer v. Kemna, 523 U.S. 1, 118 Sup. Ct. 978 (1998) (finding no case or controversy in petitioner's challenge to revocation procedures when petitioner fully served his incarceration for the revocation).  Moreover, because of the retroactive credits Thomas received on his state sentence, Thomas has no basis to complain.  For the reasons set forth above, Thomas's application for a writ of habeas corpus will be DISMISSED.

DONE at Laredo, TX, this 2nd day of May, 2009.

_____
George P. Kazen
United States District Judge

---

[2] Indeed the State judgment of January 31, 2008, reflects that Thomas received other credits going back as far as 2005.